```
1  YEN PILCH & LANDEEN, P.C.
   Firm State Bar No. 00407400
2  Robert E. Yen, SBA No. 007236
3  yen@ypllaw.com
   Caroline A. Pilch, SBA No. 011041
4  pilch@ypllaw.com
   Michael Pang, SBA No. 030037
5  pang@ypllaw.com
6  6017 N. 15th Street
   Phoenix, Arizona 85014
7  (602) 241-0474
   Attorneys for Plaintiff
8
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beadcrete USA, Inc., an Arizona corporation,<br><br>            Plaintiff,<br><br>v.<br><br>Beadcrete Pty, Ltd., an Australian limited partnership,<br><br>            Defendant. | No.<br><br>**Complaint**<br><br>**(Declaratory Judgment and Breach of Contract)** |

Plaintiff Beadcrete USA, Inc., alleges as follows:

## NATURE OF ACTION

This is an action for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Plaintiff requests declarations that: (A) Defendant's "Demand for Arbitration" does not comply with the arbitration provision of the parties' License Agreement and Defendant therefore has not performed pursuant to the parties' written agreement to arbitrate; (B) Defendant has not properly initiated any arbitration

proceeding in which Plaintiff must appear and respond; (C) Defendant's failure to initiate an arbitration proceeding in compliance with the arbitration provision of the parties' License Agreement, for more than five years after controversies subject to arbitration first arose, constitutes a waiver and repudiation of Defendant's right to demand arbitration; (D) Plaintiff and Defendant are the only parties subject to the License Agreement's arbitration provision; and (E) Defendant is prohibited from taking any action in furtherance of its "Demand for Arbitration."  Plaintiff also requests (F) an award of damages, including costs and attorneys' fees, incurred in these proceedings as a result of Defendant's breach of the License Agreement.

## PARTIES AND JURISDICTION

1. Plaintiff Beadcrete USA, Inc. is an Arizona corporation with a principal place of business at 5120 W. Bethany Home Road, Glendale, Arizona 85301.

2. Defendant Beadcrete Pty, Ltd. is an Australian limited partnership with a principal place of business at 10 Walsh Avenue, Castle Hill, New South Wales 2154, in the State of New South Wales, Australia.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and 9 U.S.C. § 2, which governs the validity, irrevocability, or enforcement of a written provision in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract, or the refusal to perform the whole or any part thereof.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because Plaintiff is a citizen of Arizona, Defendant is a citizen of Australia, and the amount in controversy exceeds $75,000.  Defendant's "Demand for Arbitration," which forms the basis of this Complaint, alleges damages of no less than $1,000,000.

5. The parties consented to jurisdiction in this Court by entering into the License Agreement which forms the basis of this Complaint.  Paragraph 29 of the License Agreement states:

> This Agreement is governed by and will be interpreted in accordance with the laws of the State of Arizona USA and the parties submit to the jurisdiction of the courts of USA, to which courts of appropriate jurisdiction any dispute, claim or demand arising out of this Agreement or anything done pursuant to it will be submitted for determination.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## BACKGROUND

7. Plaintiff is engaged in the business of marketing, selling, and installing swimming-pool finishes.

8. On October 14, 2011, Plaintiff and Defendant entered into a License Agreement for the use of certain patents and trademarks.

9. Plaintiff and Defendant are the only parties and signatories to the License Agreement.

10. Paragraph 13.1 of the License Agreement states:

> If a dispute arises out of, or relates to, this Agreement the parties will

endeavor to settle the dispute by mediation administered by a mutually acceptable mediator. If the parties are unable to agree as to a suitable mediator, the dispute will proceed to arbitration set forth in 13.2.

11. Paragraph 13.2 of the License Agreement states:

Any disputes regarding this Agreement will be heard by experienced arbitrators in Phoenix, Arizona USA. *Arbitration shall be conducted according to the rules of the American Arbitration Association*, by a panel of three arbitrators, of which one shall have been nominated by each Party hereto, subject to a strike for any reason by the other Party, and the third shall have been jointly agreed upon by the two arbitrators nominated by the Parties. The arbitrators shall have the discretion to award reasonable attorneys and experts' fees and costs to the prevailing Party. [emphasis added]

12. Rule R-4(a) of the American Arbitration Association ("AAA") Commercial Arbitration Rules states:

Arbitration under an arbitration provision shall be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration.

13. Rule R-4(b) of the AAA Commercial Arbitration Rules states, in relevant part:

Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration. (i) The filing party shall include a copy of the court order. (ii) The filing fee must be paid before a matter is considered properly filed.

14. Paragraph 13.3 of the License Agreement states:

Until a party has complied with the preceding provisions of this clause, that party may not commence court proceedings relating to the dispute except that nothing in this clause precludes a party seeking injunctive relief from an appropriate court where failure to obtain that relief would cause

irreparable damage to the party concerned.

15. In 2014, controversies arose between Plaintiff and Defendant concerning subjects of the License Agreement. The parties proceeded to mediation pursuant to Paragraph 13.1 of the License Agreement. The mediation was unsuccessful.

16. By letter dated March 11, 2015, Defendant notified Plaintiff that Defendant terminated the License Agreement and would proceed to arbitration pursuant to Paragraph 13.2 of the License Agreement. Defendant, however, did not proceed to arbitration.

17. On August 5, 2015, Plaintiff filed a Complaint against Defendant in the United States District Court for Arizona, alleging ownership of a disputed trademark (Case No. 2:15-cv-01505-ROS). On September 23, 2015, Defendant filed a Motion to Dismiss Action and Compel Arbitration, pursuant to 9 U.S.C. § 1, *et seq.*, and sought to compel arbitration pursuant to Paragraph 13.2 of the License Agreement.

18. By Order dated May 11, 2016, the District Court granted Defendant's Motion to Dismiss Action and Compel Arbitration. Defendant, however, did not proceed to arbitration.

19. On June 8, 2016, Plaintiff appealed the District Court's Order to the United States Court of Appeals for the Ninth Circuit (Case No. 16-16036). Plaintiff did not seek a stay of the District Court's Order, including the District Court's order compelling arbitration. The Court of Appeals later dismissed Plaintiff's appeal.

20. On July 19, 2019 – more than four years after notifying Plaintiff that

Defendant would proceed to arbitration, and more than three years after the District Court entered an Order compelling arbitration – Defendant emailed a "Demand for Arbitration" to Plaintiff.

21.   Defendant's "Demand for Arbitration" does not include any documentation showing that the document was filed with the AAA, that an administrative filing fee was paid to the AAA, that a copy of the License Agreement was filed with the AAA, or that a copy of the District Court's Order was filed with the AAA.

22.   On information and belief, Defendant did not file its "Demand for Arbitration" in accordance with Rule R-4 of the AAA Commercial Arbitration Rules.

23.   At no time since controversies first arose between Plaintiff and Defendant in 2014 has Defendant demanded arbitration according to the rules of the AAA.

24.   In addition to Plaintiff, Defendant's "Demand for Arbitration" names the following entities and individuals as respondents: BCI, LLC; Superior Pool Plastering Inc.; Superior Pool Plastering, LLC; Superior Pool Plastering Management, Inc.; Robert C. Altamirano; Barbara Altamirano; and Taylor Stutzman.

25.   The additional entities and individuals listed in Paragraph 24 above are not parties or signatories to the License Agreement, and did not agree to any of the terms of the License Agreement, including Paragraph 13.2 of the License Agreement.

**COUNT I**
**(Declaratory Relief)**

26.   Plaintiff incorporates all allegations set forth in the paragraphs above.

27. Plaintiff is entitled to a declaration that Defendant's "Demand for Arbitration," which was not filed with the AAA and which does not comply with the rules of the AAA, does not comply with the parties' written agreement to arbitrate.

28. Plaintiff is entitled to a declaration that Defendant has not properly initiated any arbitration proceedings in which Plaintiff must appear and respond.

29. Plaintiff is entitled to a declaration that, by Defendant's failure to properly initiate an arbitration for more than five years since the controversies which are the subject of its unfiled and defective "Demand for Arbitration" first arose, more than four years after Defendant terminated the License Agreement, and more than three years after the District Court entered an order compelling arbitration, Defendant has repudiated and waived its right to arbitration.

30. Plaintiff is entitled to a declaration that prohibits Defendant from taking any action in furtherance of its "Demand for Arbitration."

**COUNT II**
**(Breach of Contract)**

31. Plaintiff incorporates all allegations set forth in the paragraphs above.

32. By purporting to demand that Plaintiff participate in a "private arbitration," Defendant has breached Paragraph 13.2 of the License Agreement, which requires disputes between the parties regarding the License Agreement to be resolved by arbitration according to the rules of the AAA.

33. By demanding arbitration in a manner contrary to that agreed upon by the

parties in the License Agreement, Defendant has breached the License Agreement by failing to perform in compliance with the whole of the parties' agreement to arbitrate.

34. Plaintiff is entitled to damages for having to act in response to Defendant's unfiled and defective "Demand for Arbitration."

35. Plaintiff is entitled to an award of costs pursuant to A.R.S. § 12-340, and an award of attorneys' fees pursuant to A.R.S. § 12-341.01.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A declaration that Defendant's "Demand for Arbitration" does not comply with the arbitration provision of the parties' License Agreement and Defendant therefore has not performed pursuant to the parties' written agreement to arbitrate;

B. A declaration that Defendant has not properly initiated any arbitration proceeding in which Plaintiff must appear and respond;

C. A declaration that Defendant's failure to properly initiate an arbitration proceeding in compliance with the arbitration provision of the parties' License Agreement, for more than five years after controversies subject to arbitration first arose, constitutes a waiver and repudiation of Defendant's right to demand arbitration;

D. A declaration that Plaintiff and Defendant are the only parties subject to the License Agreement's arbitration provision;

E. A declaration that Defendant is prohibited from taking any action in furtherance of its "Demand for Arbitration";

F. An award of damages, including costs and attorneys' fees, incurred in these proceedings as a result of Defendant's breach of the License Agreement; and

G. Any other relief the Court deems appropriate.

DATED this 8th day of August 2019.

                              YEN PILCH & LANDEEN, P.C.

                              By: _____
                                   Robert E. Yen
                                   Caroline A. Pilch
                                   Michael Pang
                                   6017 N. 15th Street
                                   Phoenix, Arizona 85014
                                   Attorneys for Plaintiff